ORIGINAL

FILED
U.S. DISTRICT COURT

2008 MAY -7 A 9 59

CLERK J Burton

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ANDRES GARCIA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 308-024 |
| | ) | |
| WALT WELLS, Warden CCA/McRae; | ) | |
| H. LAPPIN, Director of Federal Bureau of | ) | |
| Prisons; and ATTORNEY GENERAL | ) | |
| OF THE UNITED STATES, | ) | |
| | ) | |
| Respondents. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate incarcerated at McRae Correctional Facility in McRae, Georgia, has filed a petition under 28 U.S.C. § 2241 contesting the execution of his sentence of confinement. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that H. Lappin, Director of the Federal Bureau of Prisons, and the Attorney General of the United States be **DISMISSED** from this case, and that this case be **DISMISSED** without prejudice based on Petitioner's failure to exhaust administrative remedies.[1]

---

[1] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing the Government to respond to the instant petition. 28 U.S.C. § 2243.

## I. BACKGROUND

In 2005, Petitioner was arrested on drug-related charges for violating 21 U.S.C. §§ 841 and 846. (Doc. no. 1, p. 1). Petitioner plead guilty to the charges, and on October 25, 2006, he was sentenced to seventy (70) months in prison and forty-eight (48) months of supervised release. (Id. at 1, 2). Petitioner did not appeal his sentence. (Id. at 2). Petitioner maintains that, under the Bureau of Prisons's ("BOP") calculation of his sentence of confinement, he is projected to be released on December 30, 2010. (Id.). However, Petitioner concludes that the BOP has improperly calculated his sentence of confinement because it has calculated his good credit time ("GCT") from his "time served" as opposed to the sentence imposed. (Id.). Therefore, according to Petitioner his release date should be November 18, 2010. (Id. at 13).

Candidly, Petitioner admits that he has not attempted to exhaust administrative remedies. (Id. at 3). Nevertheless, Petitioner submits that the exhaustion requirement of 42 U.S.C. § 1997e(a) does not apply to properly filed § 2241 petitions. (Id.). Petitioner further explains that, because the § 2241 exhaustion requirement in the Eleventh Circuit is judicially created, it may be waived for discretionary reasons. (Id.).

In this regard, "Petitioner argues that he should be excused from 'tilting at the administrative windmills[,'] because the adoption of 28 C.F.R. § 523.20 makes [it] clear that such an effort would be futile . . . ."[2] (Id. at 4 (citations omitted)). In support of this

---

[2] 28 C.F.R. § 523.20 is the BOP's rule on GCT and provides in relevant part: "Pursuant to 18 U.S.C. 3624(b), . . . an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year."

argument, Petitioner contends that "[t]he Bureau [of Prisons] will be unlikely to grant [P]etitioner relief in contravention of its own published regulations." (Id. at 4-5). Petitioner maintains, "[T]here can be little doubt that 'requiring administrative review would be to demand a futile act' as the issue 'needs to be resolved judicially[,'] and the 'purposes of exhaustion would not be served by requiring [P]etitioner to exhaust the multitudinous [BOP] and [Corrections Corporation of America] complaint process." (Id. at 8). The Court resolves the matter as follows.

## II. DISCUSSION

### A. Proper Respondent

Petitioner named Walt Wells, Warden CCA/McRae, H. Lappin, the Director of the Federal Bureau of Prisons, and the Attorney General of the United States as Respondents in this case. However, neither the Director of the Federal Bureau of Prisons nor the Attorney General of the United States is a proper respondent because, in a habeas proceeding, the case or controversy is between the person in custody and his custodian. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ."); Wacker v. Bisson, 348 F.2d 602, 605 (5th Cir. 1965). Thus, Walt Wells, Petitioner's custodian by virtue of his position as Warden at McRae Correctional Facility, is the proper Respondent. Therefore, the Court **REPORTS** and **RECOMMENDS** that H. Lappin, the Director of the Federal Bureau of Prisons, and the Attorney General of the United States be **DISMISSED** from this case.

## B. Exhaustion of Administrative Remedies

Prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (*per curiam*), *cert. denied*, 541 U.S. 1036 (2004); Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995) (noting requirement for exhausting administrative remedies with the BOP prior to seeking § 2241 relief in federal court); see also Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (*per curiam*) (noting exhaustion requirement in relation to bringing § 2241 petition); United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (noting applicability of exhaustion requirement to claims for computation of sentence credit awards). In this Circuit, even if an inmate claims that his release date has passed and he remains incarcerated, courts should enforce the exhaustion requirement:

> In February 1991 Gonzalez filed in the district court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asserted that because his presumptive release date had passed, he need not exhaust his administrative remedies before seeking relief from the district court. Courts have original jurisdiction over imposition of a sentence. The Bureau of Prisons is, however, responsible for computing that sentence and applying appropriate good time credit. U.S. v. Martinez, 837 F.2d 861, 865-66 (9th Cir. 1988). The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court. U.S. v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990).

Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (*per curiam*).

As the Eleventh Circuit has held, unequivocally, that "[i]f, and only if, the [petitioner] has pursued his administrative remedy may he seek relief in the district court," United States v. Herrera, 931 F.2d 761, 764 (11th Cir. 1991), "whether [Petitioner] may even assert a futility exception to the requirement is questionable." Jaimes v. United States, 168 Fed.

4

Appx. 356, 358 (11th 2006).³ Although some courts within the Eleventh Circuit have noted that under certain circumstances a § 2241 petitioner may seek judicial waiver of the Eleventh Circuit's exhaustion requirement by demonstrating futility, they have also concluded that "the question [of] whether the Eleventh Circuit considers the exhaustion requirement in § 2241 subject to judicial waiver is, at best, unsettled."⁴ Jones v. Zenk, 495 F. Supp. 2d 1289, 1297, 1299-1300 (N.D. Ga. July 6, 2007). However, based on Eleventh Circuit precedent, Petitioner is still subject to the requirement of administrative exhaustion. Martin v. Zenk, 244 Fed. Appx. 974, 977 (11th Cir. 2007) (*per curiam*) (citing Skinner, 355 F.3d at 1295).

In any event, those courts which apply a futility exception do so in only "extraordinary circumstances," and require the petitioner to "bear[] the burden of

---

³The Court recognizes that although the Eleventh Circuit has in the past suggested that exhaustion in § 2241 petitions is a jurisdictional issue, Jaimes, 168 Fed. Appx. at 358 (11th 2006), the issue is somewhat unsettled in light of the Supreme Court's recent ruling in Bowles v. Russell, 551 U.S. ___, 127 S.Ct. 2360 (2007). In that case, the Supreme Court held that the Sixth Circuit Court of Appeals lacked jurisdiction over an appeal from the district court's denial of a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, where the petitioner filed an untimely notice of appeal, and that it would no longer recognize the unique circumstances exception to excuse an untimely notice of appeal. Bowles, 551 U.S. at ___, 127 S.Ct. at 2361. In its analysis, the Supreme Court explained that there are distinctions between limitations set forth in a statute, which limit a court's jurisdiction, and those based on court rules, which do not limit a court's jurisdiction. Id. However, unlike the instant case, Bowles did not involve a federal petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 or exhaustion of administrative remedies.

⁴"On the one hand, the Eleventh Circuit has recognized the statutory/judicial distinction given effect in [McCarthy v. Madigan, 503 U.S. 140 (1992)], indicating that exceptions to judicially-imposed exhaustion requirements remain viable. In several other cases, however, the Eleventh Circuit has indicated some doubt about whether the exhaustion requirement in § 2241 cases may be waived." Jones, 495 F. Supp. 2d at 1297-98 (internal citations and quotations omitted).

5

demonstrating the futility of administrative review." Fuller, 11 F.3d at 62; see also Jones, 495 F. Supp. 2d at 1300.[5]

Here, Petitioner has shown neither the existence of exceptional circumstances nor the futility of administrative review. Notably, Petitioner's belief that a favorable administrative outcome would be unlikely is insufficient to make the remedy futile. See Greene v. Meese, 875 F.2d 639, 641 (7th Cir. 1989) ("No doubt denial *is* the likeliest outcome, but that is not sufficient reason for waiving the requirement of exhaustion. Lightning may strike; and even if it [does not], in denying relief the Bureau [of Prisons] may give a statement of its reasons that is helpful to the district court in considering the merits . . . ."). In sum, Petitioner has not met the burden of establishing "extraordinary circumstances" that would justify exempting him from the exhaustion requirement, and thus, his claims are not properly before this Court. Fuller, 11 F.3d at 62.

---

[5]In Jones, the petitioner, who challenged 28 C.F.R. § 570.21(a), also admitted that he did not attempt to exhaust administrative remedies and requested that the district court excuse his failure because adoption of 28 C.F.R. § 570.21(a) makes it clear that such an effort would be futile. Jones, 495 F. Supp. 2d at 1290, 1296-97. Ultimately, the district court excused the petitioner's failure to exhaust administrative remedies because "[the BOP] has predetermined by rulemaking the issue . . . . What is more, *the BOP has continued to enforce [that] rule in the face of its invalidation by four federal courts of appeals and various district courts in other jurisdictions.*" Id. at 1300 (emphasis added). Here, Petitioner has not argued, and it does not appear, that the BOP has enforced 28 C.F.R. §523.20 "in the face of its invalidation" by various appellate courts, let alone, the Eleventh Circuit Court of Appeals. Indeed, in a similar case, the Eleventh Circuit held, *inter alia*, "Even though [18 U.S.C. § 3624(b)(1)] is ambiguous, the BOP's interpretation of the statute that a federal prisoner should get good time credit of 54 days for each year he actually serves in prison is reasonable and therefore is due to be affirmed . . . ." Brown v. McFadden, 416 F.3d 1271, 1273 (11th Cir. 2005) (*per curiam*). Therefore, not only are the critical facts of Jones dissimilar from those presented in this case, even if the Court were to excuse Petitioner's failure to exhaust administrative remedies, it does not appear that he would be entitled to the relief sought in the above-captioned petition.

6

## C. Proper Calculation of Good Credit Time

The basis for Petitioner's § 2241 petition is the contention that § 3624(b)(1) requires that his GCT be calculated based on the time he has been sentenced to serve rather than - as the BOP calculates GCT - based on the time he actually serves. Petitioner raises a red herring issue by claiming that when 18 U.S.C. § 3624(b) is read in conjunction with 18 U.S.C. § 4105, 18 U.S.C. § 3624(b) violates his rights "under the due process clause and under the equal protection clause." (Doc. no. 1, pp. 10-17; doc. no. 2; doc. no. 3). Petitioner states that because the language in 18 U.S.C. § 3624(b) mandates that the GCT be calculated from the "time served," it conflicts with the language in 18 U.S.C. § 4105 requiring that GCT be subtracted from the total foreign sentence.[6] (Doc. no. 1, p. 10). Of note, § 4105 falls within the Transfer of Offenders To and From Foreign Countries Act, 18 U.S.C. § 4100 *et seq.*, which applies to an offender serving a sentence of imprisonment in a foreign country that is then transferred to the custody of the Attorney General.

Here, Petitioner maintains that he was arrested, plead guilty, and was sentenced by

---

[6]18 U.S.C. § 4105(c)(1) provides:

The transferred offender shall be entitled to all credits for good time, for labor, or any other credit toward the service of the sentence which had been given by the transferring country for time served as of the time of the transfer. Subsequent to the transfer, the offender shall in addition be entitled to credits toward service of sentence for satisfactory behavior, computed on the basis of the time remaining to be served at the time of the transfer and at the rate provided in section 3624(b) of this title for a sentence of the length of the total sentence imposed and certified by the foreign authorities. These credits shall be combined to provide a release date for the offender pursuant to section 3624(a) of this title.

7

"the district court." Nowhere does Petitioner claim to have been transferred to or from a foreign country. As such, he has made no showing that 18 U.S.C. § 4105 even applies to him, and thus, it appears this argument is simply a red herring. Thus, the crux of Petitioner's argument is that the BOP miscalculated his release date because his GCT is calculated based on the time he actually serves as opposed to based on the time he has been sentenced to serve. As discussed below, Petitioner's interpretation of the calculation of GCT has already been rejected by the Eleventh Circuit.

Under 18 U.S.C. § 3624, a federal prisoner can receive credit for "satisfactory behavior" as follows:

**b) Credit toward service of sentence for satisfactory behavior.--**

> (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . . [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b)(1). The BOP has promulgated a regulation concerning the proper method for calculating GCT time under this statute which states, "[p]ursuant to 18 U.S.C. § 3624(b). . . . an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served." 28 C.F.R. § 523.20.

The Eleventh Circuit has decided that although the statutory language of § 3624(b)(1) is ambiguous, "the BOP's interpretation of the statute that a federal prisoner should get good

time credit of 54 days for each year he actually serves in prison is reasonable and therefore is due to be affirmed."[7] Brown v. McFadden, 416 F.3d 1271, 1273 (11th Cir. 2005) (*per curiam*). In reaching its decision, the Eleventh Circuit followed the decisions of five other circuits that reached the same conclusion. Id. (citing Perez-Olivio v. Chavez, 394 F.3d 45, 53 (1st Cir. 2005); O'Donald v. Johns, 402 F.3d 172, 174 (3d Cir. 2005) (*per curiam*); Yi v. Federal Bureau of Prisons, 412 F.3d 526, 534 (4th Cir. 2005); White, 390 F.3d at 1002-03; Pacheco-Camacho v. Hood, 272 F.3d 1266, 1271 (9th Cir. 2001)). Accordingly, Petitioner is clearly not entitled to the relief he seeks in the form of the recalculation of his GCT.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that H. Lappin, Director of the Federal Bureau of Prisons, and the Attorney General of the United States be **DISMISSED** from this case, and that this case be **DISMISSED** without prejudice based on Petitioner's failure to exhaust administrative remedies.

SO REPORTED and RECOMMENDED this 7th day of May, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[7]The Eleventh Circuit also decided that the rule of lenity is inapplicable because the BOP's interpretation is reasonable. Brown, 416 F.3d at 1273.